UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

*Plaintiff,*

v.                                                     Case No. 6:16-cv-2123-ORL-31DCI

J. WILLIAMS ENTERPRISES, LLC, JESS KINMONT,
JOHN P. WENZ, JR. and PRO TIMESHARE
RESALES OF FLAGLER BEACH, LLC,

*Defendants.*

## <u>DEFENDANTS' JOINT MOTION FOR<br>PARTIAL SUMMARY JUDGMENT</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendants jointly move for partial summary judgment on (1) the request for extra-statutory forms of equitable relief, including disgorgement, restitution, rescission or reformation of contracts, and refunds; and (2) the request for damages that fall outside the operative statute of limitations.  In support, the Defendants state as follows:

## I.      BACKGROUND

1.      On December 12, 2016, the Federal Trade Commission ("FTC") filed a civil Complaint alleging fraud in the advertising or sale of timeshares. (Doc. 2).

2.      In its Complaint, the FTC sought relief pursuant to Section 13(b) of the FTC Act, codified at 15 U.S.C. § 53(b), and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b). (Doc. 2 at 11-12).

3.      Based on its interpretation of these statutes, the FTC requested, *inter alia*, equitable relief that included disgorgement of profits garnered as early as November of 2011, as well as the rescission or reformation of consumers' contracts, restitution, and refunds.  *Id*. at 2-4, 11.

4.      Defendants now move for partial summary judgment on the FTC's requests for equitable relief not conferred under the statutes pled in its complaint, and its request for damages that fall outside the operative statute of limitations.

## II.      MEMORANDUM OF LAW

### A.      Legal Standard

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To satisfy this initial burden, a movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Norfolk S. Ry. v. Groves*, 586 F.3d 1273, 1277 (11th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  Thus, where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.  When the evidence is in conflict, a court must presume the nonmoving party's evidence to be true and draw all reasonable inferences in its favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir.2003).  However, where the issue is purely a question of law, and the district court has all information necessary to rule on the legal issues, the court may enter summary judgment.  *See Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196 (11th Cir. 2003); *McDaniel v. Woodard*, 886 F.2d 311 (11th Cir. 1989).

**B.      Analysis**

1. <u>Disgorgement, Restitution, Refunds and Rescission are not Statutorily-Authorized Remedies under 15 U.S.C. § 53(b) or 15 U.S.C. § 6105(b).</u>

The Defendants are entitled to summary judgment on the Government's request for disgorgement, restitution, refunds, and rescission or reformation of contracts, because these equitable remedies are unavailable for the violations of the 15 U.S.C. § 53(b) and 15 U.S.C. § 6105(b) alleged in the Complaint.

In this case, the FTC relies on § 53(b) and § 6105(b) in support of its claim for disgorgement. However, a close analysis of these statutes and the framework of the FTC Act belie the Government's contention that these statutes authorize the equitable remedies sought.

Section 53(b) states, in pertinent part, that:

Whenever the Commission has reason to believe—

(1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and

(2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public--

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: *Provided, however*, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: *Provided further*, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction . . .

Nowhere in the text of 15 U.S.C. § 53(b) is there any mention of restitution, rescission, refunds or disgorgement as authorized forms of relief.

Section 53(b) only authorizes a court to "enjoin an act or practice." *See* 15 U.S.C. § 53(b). Despite this clear statutory language, the FTC argues that § 53(b) "empowers this Court to grant injunctive and other such relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC." Doc. 2 at 11. The FTC further asserts "this Court in its exercise of the equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies . . ." *Id.* While ambitious, the FTC's interpretation of a court's ability to order the equitable remedies of restitution or disgorgement goes far beyond the express statutory text.

Significantly, in bringing its Complaint, the FTC declined the bring its action under 15 U.S.C. § 57b(b), which specifically authorizes a court grant the equitable remedies the FTC seeks. Indeed, § 57b(b) authorizes a court to:

> grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be.  Such relief may include, but shall not be limited to, *rescission or reformation of contracts, the refund of money or return of property, the payment of damages*, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.

15 U.S.C. § 57b(b) (emphasis added).  Even a cursory reading of § 57b(b) demonstrates that it provides the specific remedies that the FTC seeks in this case.

This is fatal to the FTC's claims under § 53(b).  If the FTC sought disgorgement, restitution, the rescission or reformation of contracts, the refund of money or return of property, or the payment of damages, then it should have brought suit under § 57b(b), the statute that confers such relief.

Consistent with § 53(b), under 15 U.S.C. § 6105(b):

> The Commission shall prevent any person from violating a rule of the Commission under section 6102 of this title in the same manner, by the same means, and with

the same jurisdiction, powers, and duties as though all applicable terms and provisions of the Federal Trade Commission Act (15 U.S.C. 41 et seq.) were incorporated into and made a part of this chapter. Any person who violates such rule shall be subject to the penalties and entitled to the privileges and immunities provided in the Federal Trade Commission Act in the same manner, by the same means, and with the same jurisdiction, power, and duties as though all applicable terms and provisions of the Federal Trade Commission Act were incorporated into and made a part of this chapter.

15 U.S.C. § 6105(b).  Although there is no mention of any form of equitable relief in this statute, the FTC again asserts that § 6105(b) authorizes this Court to grant such equitable relief as disgorgement, rescission, the reformation of contracts, and the refund of money.  (Doc. 2 at 11). This is incorrect.

It is "an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 488 (1996) (quoting *Middlesex County Sewerage Authority v. National Sea Clammers Assn.*, 453 U. S. 1, 14 (1981)).  Thus, where a "statute has a 'comprehensive and reticulated' remedial scheme," courts "are reluctant to authorize additional remedies."  *United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1200 (D.C. Cir. 2005) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002)).  That is because "Congress' care in formulating such a 'carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'"  *Id*.  Even where a statute permits injunctive relief, it does not follow that other forms of equitable relief, such as restitution or disgorgement, are available. *Owner-Operator Indep. Drivers v. Landstar System*, 622 F.3d 1307, 1323 (11th Cir. 2010).

In *Philip Morris*, the Government brought a civil suit under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, in which it requested, *inter alia*,

disgorgement of profits derived from alleged unlawful activities. *Philip Morris*, 396 F.3d at 1192.

The statute at issue, 18 U.S.C. § 1964(a), contained a seemingly broad grant of jurisdiction that

allowed district courts to:

> prevent and restrain violations of section 1962 of this chapter *by issuing appropriate orders*, *including, but not limited to*: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

18 U.S.C. § 1964(a) (emphasis added).

Notwithstanding the breadth of the statute, the D.C. Circuit reversed the denial of summary

judgment and held that the relevant provisions of RICO did not permit disgorgement. *Id.* The

court reasoned that the statutory scheme confers jurisdiction only for "forward-looking remedies

that prevent and restrain violations." *Id.* Therefore, disgorgement, which the court described as a

"quintessentially backward-looking remedy," was not available. *Id.* at 1199. The court also

rejected the Government's argument that the authority to provide injunctive relief conferred a

"plenary grant of equitable jurisdiction." *Id.* at 1198.

The *Philip Morris* Court further stated that allowing district courts the sweeping authority

to order disgorgement would circumvent the intent of Congress:

> The disgorgement requested here is similar in effect to the relief mandated under the criminal forfeiture provision, § 1963(a), without requiring the inconvenience of meeting the additional procedural safeguards that attend criminal charges, including a five-year statute of limitations, 18 U.S.C. § 3282, notice requirements, 18 U.S.C. § 1963(l), and general criminal procedural protections including proof beyond a reasonable doubt.

*Philip Morris*, 396 F.3d at 1200-1201.  Accordingly, the D.C. Circuit concluded that permitting "disgorgement under § 1964(a) would therefore thwart Congress' intent in creating RICO's elaborate remedial scheme."  *Id.* at 1201.

Similarly, the Eleventh Circuit declined to read the remedy of disgorgement into the remedial scheme set forth under the Truth in Leasing Act, 49 U.S.C. §§ 14701-11.  *Landstar*, 622 F.3d at 1323.  In *Landstar*, the plaintiffs argued that the provision of "injunctive relief" under 49 U.S.C. § 14704(a)(1) allowed for the equitable remedies of restitution and disgorgement.  *Id.*  The Eleventh Circuit disagreed.  The *Landstar* Court noted that neither "restitution," nor "disgorgement" appear in the statute, and reasoned that, if "§ 14704(a)(1) allowed for restitution or disgorgement, it would have so stated."  *Id.*

The Eleventh Circuit also rejected the argument that the "Savings Clause," 49 U.S.C. § 13103, which provides that "[e]xcept as otherwise provided in this part, the remedies provided under this part are in addition to remedies existing under another law or common law," conferred equitable jurisdiction to impose disgorgement:  "If the Savings Clause invoked all equitable powers, Congress would not have specifically provided for 'injunctive relief' in § 14704(a)(1)."  *Id.* at 1324.

The Defendants concede that prior precedent from the Eleventh Circuit and other circuits permits the FTC to seek the equitable remedies such as disgorgement and restitution as part of its claim for injunctive relief.  *See*, *e.g., FTC v. Wash. Data Res., Inc.*, 704 F.3d 1323, 1327 (11th Cir. 2013).  However, a recently decided United States Supreme Court case, *Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1640 (2017), casts considerable doubt as to the continuing viability of conferring the equitable remedies sought here where the statute is silent on a district court's authority to do so.

In *Kokesh*, the United States Supreme Court rejected the Government's sweeping claims regarding the authority of federal district courts to award disgorgement where the acts fell outside the operative statute of limitations. *Kokesh*, 137 S. Ct. at 1640. The Securities and Exchange Commission ("S.E.C.") argued that it was entitled to disgorgement of funds the defendant had received more than five years before the action, despite the five-year statute of limitations applicable to "penalties" under 28 U.S.C. § 2462. The district court and the Tenth Circuit agreed with that analysis and concluded that disgorgement was an equitable form of relief, and not a penalty. *Id.* at 1641.

In a unanimous decision, the Supreme Court reversed. It noted that "disgorgement is a form of '[r]estitution measured by the defendant's wrongful gain.'" *Kokesh*, 137 S. Ct. at 1640 (quoting Restatement (Third) of Restitution and Unjust Enrichment § 51, Comment a, p. 204 (2010) (Restatement (Third)). "Disgorgement requires that the defendant give up 'those gains . . . properly attributable to the defendant's interference with the claimant's legally protected rights.'" *Id.* The Supreme Court also approvingly cited the Restatement (Third) of Restitution and Unjust Enrichment § 51, Comment h, at 216, for the "general rule," that the defendant is entitled to a "deduction for all marginal costs incurred in producing the revenues that are subject to disgorgement. Denial of an otherwise appropriate deduction, by making the defendant liable in excess of net gains, results in a punitive sanction that the law of restitution normally attempts to avoid." *Id.* at 1645. Thus, the form of disgorgement sought by the S.E.C. constituted a "penalty" and was therefore subject to the five-year statute of limitations found in § 2462.

Although the Supreme Court left open the question of whether courts possess the inherent authority, as courts of law and equity, to order disgorgement in agency enforcement actions where disgorgement is not a statutorily-conferred remedy, the discussion that took place during oral

argument suggests that the Court harbored serious doubts about the availability of such relief. At one point, Chief Justice John Roberts commented that "the S.E.C. devised this remedy or relied on this remedy without any support from Congress. If Congress had provided, here's a disgorgement remedy, you would expect them, as they typically do, to say, here's a statute of limitations that goes with it." *See* Exhibit A, *Kokesh v. S.E.C.*, Tr. of Oral Argument at 31.

Justice Anthony Kennedy asked: "Is it clear that the district court has statutory authority to do this? . . . . Is there specific statutory authority that makes it clear that the district court can entertain this remedy?" *Id.* at 7-8. The S.E.C. conceded that there was no statutory authority. *Id.* at 8. Likewise, Justice Samuel Alito said that "in order to understand what [disgorgement] is, it would certainly be helpful and maybe essential to know what the authority for it is." *Id.* at 13. Similarly, Justice Sotomayor pointedly asked, "Can we go back to the authority?" *Id.* at 9. She cited a 1990 amendment to the securities laws that authorized civil penalties but not disgorgement as "the only authority" she could discern. *Id.* She then asked, "How could that be the basis of disgorgement?" *Id.*

Most importantly, in the *Kokesh* opinion, the Supreme Court included what one commentator referred to as an "ominous footnote." *See* Expert Analysis, Chad M. Clamage, Esq., Mayer Brown LLP, *Supreme Court's SEC Decision Could Limit Other Federal Agencies*, WESTLAW JOURNAL DERIVATIVES at 3 (June 29, 2017). That footnote states: "Nothing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings or on whether courts have properly applied disgorgement principles in this context." *Kokesh*, 137 S. Ct. at 1642 n.3. According to Clamage, "[i]n the Supreme Court's vernacular, that [footnote] is a strong signal that the court doubts whether the SEC may obtain disgorgement at all." Clamage, *supra*. Hence, it is far from clear

that this Court has the statutory authority to order disgorgement, restitution, rescission, or refunds under 15 U.S.C. § 53(b) or 15 U.S.C. § 6105(b), as these statutes are silent as to whether these forms of relief are available.

It is important to note that Congress knows very well how to enact legislation that permits disgorgement or similar restitutionary relief.  Disgorgement is available as a statutory remedy for trademark violations under the Lanham Act.  15 U.S.C. § 1117(a) ("plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover . . . defendant's profits").  Disgorgement is also available under 17 U.S.C. § 504(b) as a statutory remedy for victims of copyright infringement: a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  17 U.S.C. § 504(b).

Moreover, as noted, disgorgement and restitutionary relief are available under another unpled section of the FTC Act, 15 U.S.C. § 57b.  This demonstrates that Congress knows how to write statutes that confer the equitable relief the FTC seeks here.  However, the FTC chose not sue under the statute that actually provides the relief requested in this case.  Instead, it chose to sue under 15 U.S.C. § 53(b) and 15 U.S.C. § 6105(b), statutes that lack any indicia of congressional intent to provide for the equitable remedies sought here.  It logically follows that, while those remedies are under 15 U.S.C. § 57b, they are not available under the statutes at issue in this case.  Therefore, since FTC brought suit under the wrong statutes, summary judgment is appropriate on its request for the equitable forms of relief requested in the complaint.

2.  The Government's Claims are Subject to the Three-Year Statute of Limitations under 15 U.S.C. § 57b.

Even if the Court finds that the extra-statutory equitable remedies are sought by the FTC are available, all claims should be subject to the three-year statute of limitations enacted under 15 U.S.C. § 57b(d).  The FTC no longer has the unbridled authority to seek disgorgement for all acts that occurred since the beginning of time.  *See Kokesh*, 137 S. Ct. at 1644-45 (rejecting argument that no statute of limitations applies to requests for disgorgement).  *Kokesh* requires that disgorgement awards must be subject to the applicable statutes of limitations, which, pursuant to 15 U.S.C. § 57b(d), is three years.

While the FTC did not sue under 15 U.S.C. § 57b, this Court should impose its three-year statute of limitations for three reasons.  First, as noted, the relief sought falls within the ambit of 15 U.S.C. § 57b.   Second, holding otherwise would permit the FTC to circumvent the statute of limitations under 15 U.S.C. § 57b by bringing all enforcement actions under 15 U.S.C. § 53(b), which contains no statute of limitations, but also contains no grant of authority for the equitable relief requested.  Third, relieving the FTC of any statute of limitations would run afoul of the holding in *Kokesh*, where the Supreme Court rejected the claim that disgorgement is not subject to any statute of limitations.  Accordingly, since the Complaint was filed on December 12, 2016, FTC should only be entitled to recover the assets that the Defendants acquired after December 12, 2013.

III.    **CONCLUSION**

Based on the foregoing, this Court should grant partial summary judgment on partial summary judgment on (1) the FTC's request for extra-statutory forms of equitable relief, including disgorgement, restitution, rescission or reformation of consumers' contracts, and refunds; and (2) the FTC's request for damages that fall outside the operative statute of limitations.

DATED this 2nd day of August, 2017.

*(s) Fritz J. Scheller*
FRITZ J. SCHELLER
Florida Bar Number 183113
Fritz Scheller, P.L.
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
Telephone: 407-792-1285
Facsimile:  407-513-4146
Email: fscheller@flusalaw.com
*Counsel for John P. Wenz, Jr.*

*/s/ Andrew B. Greenlee*
Andrew B. Greenlee,
Florida Bar No. 96365
ANDREW B. GREENLEE, P.A.
401 East 1st Street
Unit 261
Sanford, Florida 32772
(407) 808-6411
andrew@andrewgreenleelaw.com
*Counsel for Pro Timeshare Resale of Flagler Beach, LLC*

*   /s/ C. Gene Shipley*
C. Gene Shipley, Esquire
Florida Bar No.: 130028
Fisher Rushmer, P.A.
390 North Orange Avenue, Suite 2200
Orlando, Florida 32801-1642
Telephone: (407) 843-2111
Facsimile: (407) 422-1080
Email: gshipley@fisherlawfirm.com
Email: tpochedley@fisherlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.


*/s/ Andrew B. Greenlee*
Andrew B. Greenlee