**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                               Case No:   6:16-cv-2123-Orl-31DCI

**J. WILLIAM ENTERPRISES, LLC, JESS KINMONT, JOHN P. WENZ, JR.   and PRO TIMESHARE RESALES OF FLAGLER BEACH LLC,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Defendants' Joint Motion for Partial Summary Judgment (Doc. 146), the Plaintiff's Response in Opposition (Doc. 159), and the Defendants' Reply (Doc. 168).

**I.**      **Background**

The Federal Trade Commission ("FTC") filed a Complaint on December 12, 2016. Doc. 2. In the Complaint, the FTC alleged violations of Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act") , 15 U.S.C. § 6105(b), and sought equitable relief, including disgorgement of profits, rescission or reformation of consumers' contracts, refunds, and restitution. Compl. at 11-12. On August 2, 2017, the Defendants filed a Joint Motion for Partial Summary Judgment. Doc. 146. The Defendants argue that the equitable relief sought by the FTC is unavailable under the statutes pled in the Complaint, and that some of the damages sought by the FTC fall outside the appropriate statute of limitations. Mot. at 1.

## II. Legal Standards

Courts may grant summary judgment "[w]hen the only question a court must decide is a question of law." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). The parties agree that there are no issues of fact that would preclude the Court from entering partial summary judgment here. Accordingly, the sole questions before the Court on this Motion are (1) whether the equitable relief requested is unavailable under the statutes pled in the Complaint, and (2) whether the three-year statute of limitations found in section 19(b) of the FTC Act applies to the claims brought by the FTC.

## III. Analysis

The Defendants argue that the remedies sought by the FTC—disgorgement, restitution, refunds, and rescission or reformation of contracts—are unavailable for violations of Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b). As the Defendants point out, Section 13(b), which provides for injunctive relief, does not mention restitution, rescission, refunds, or disgorgement. However, the Court needs no express grant of authority to grant equitable relief under section 13(b). District courts possess inherent power to grant equitable relief "unless otherwise provided by statute." *F.T.C. v. Gem Merch. Corp.*, 87 F.3d 466, 469 (11th Cir. 1996) (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) (internal quotation marks omitted). Accordingly, section 13(b), which contains no language restricting the Court's authority to grant equitable relief, "provides 'an unqualified grant of statutory authority' to issue 'the full range of equitable remedies.'" *F.T.C. v. Washington Data Res., Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013) (quoting *Gem Merch. Corp.*, 87 F.3d at 469); *see also F.T.C. v. Lalonde*, 545 F. App'x 825, 841 (11th Cir. 2013); *Fed. Trade Comm'n v. Lanier Law, LLC*, 194 F. Supp. 3d 1238, 1287 (M.D. Fla. 2016); *F.T.C. v. Worldwide Info Servs., Inc.*,

No. 6:14cv8, 2015 WL 1020583, at *10 (M.D. Fla. Mar. 6, 2015); *F.T.C. v. Direct Benefits Grp., LLC*, No. 6:11cv1186, 2013 WL 3771322, at *21 (M.D. Fla. July 18, 2013) . There is no shortage of case law recognizing the availability of the equitable relief sought by the FTC under section 13(b).

Ultimately, the Defendants concede that Eleventh Circuit precedent permits the equitable remedies sought by the FTC, although the Motion's discussion of statutory construction challenges the reasoning underlying those decisions.[1] The Defendants cite *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307, 1323 (11th Cir. 2010), for the proposition that, "[e]ven where a statute permits injunctive relief, it does not follow that other forms of equitable relief, such as restitution or disgorgement, are available." Mot. at 5. However, *Landstar* casts no doubt on the availability of equitable relief under section 13(b). The Eleventh Circuit has remained firm in its position that the "full range of equitable remedies" are available under section 13(b), even after the *Landstar* decision. *See generally F.T.C. v. Washington Data Res., Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013).

The Defendants take the position that a recent Supreme Court case, *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017), raises questions as to the viability of that Eleventh Circuit precedent. *Kokesh* addressed the narrow question of whether the five-year statute of limitations in 28 U.S.C. § 2462 applied "to claims for disgorgement imposed as a sanction for violating a federal securities law." 137 S. Ct. at 1639. Nevertheless, the Defendants argue that discussion during oral argument and what has been called an "ominous footnote" in *Kokesh* suggest that the Supreme Court had doubts

---

[1] The Reply argues that *Washington Data* and *Gem Merch. Corp.* are distinguishable, but the Motion states that "[t]he Defendants concede that prior precedent from the Eleventh Circuit and other circuits permits the FTC to seek the equitable remedies such as disgorgement and restitution as part of its claim for injunctive relief." Mot. at 7; *see* Reply at 2.

about courts' authority "to order disgorgement in agency enforcement actions where disgorgement is not a statutorily-conferred remedy." Mot. at 8-9. Essentially, the Defendants ask the Court to deviate from Eleventh Circuit precedent and extend the logic of questions and comments made during oral argument in *Kokesh* to the facts at hand. As a threshold matter, *Kokesh* did not involve section 13(b); it dealt with federal securities law. Even assuming *arguendo* that a finding as to the unavailability of equitable remedies for violations of federal securities law would apply to section 13(b) violations, there was no such finding in *Kokesh*: the Supreme Court specifically declined to address whether courts possessed authority to order disgorgement in SEC enforcement proceedings. *See Kokesh*, 137 S. Ct. at 1642, n.3. The Defendants argue that the footnote in *Kokesh* could be read as an expression of doubt as to whether courts had such authority in SEC proceedings, but the Supreme Court's deliberate avoidance of this different, if potentially analogous, issue provides no basis for this Court to disregard decades of precedent. Even if, as the Defendants argue, the footnote "is not merely a pronouncement of the limitations of the opinion," it is far from an extension of the holding in *Kokesh*.

Additionally, the Defendants contend that, under *Kokesh*, the sorts of remedies sought by the FTC should be subject to the three-year statute of limitations in section 19(b) of the FTC Act. The argument that section 19(b)'s limitation period should apply to FTC requests for disgorgement is nothing new, and courts have rejected this argument in the past. *See, e.g.*, *F.T.C. v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1315 (8th Cir. 1991) (rejecting argument that permitting equitable relief under section 13(b) would improperly allow the FTC to avoid compliance with section 19(b)'s procedural requirements); *United States v. Prochnow*, No. 07-10273, 2007 WL 3082139, at *5 (11th Cir. Oct. 22, 2007) (citing *Security Rare Coin & Bullion Corp.*, 931 F.2d at 1314-15) (rejecting disgorgement statute of limitations argument based on

*Security Rare Coin & Bullion Corp.*). Additionally, there is nothing in *Kokesh* that indicates that the Court should apply section 19(b)'s statute of limitations to the FTC's claims under section 13(b). Accordingly, the Defendants are not entitled to partial summary judgment on either issue raised in the Motion.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Defendants' Joint Motion for Partial Summary Judgment (Doc. 146) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 23, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party